```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :      19cv798 (DLC)
NUCURRENT INC.,                          :
                                         :      OPINION AND ORDER
                                         :      _____
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :
SAMSUNG ELECTRONICS CO., LTD., and       :
SAMSUNG ELECTRONICS AMERICA, INC.,       :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff NuCurrent Inc.:
Bradley W. Caldwell
Jason D. Cassady
John Austin Curry
Warren J. McCarty, III
R. Seth Reich Jr.
Caldwell Cassady Curry P.C.
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201

For defendants Samsung Electronics
Co., Ltd., and Samsung Electronics
America, Inc.:
Allan M. Soobert
Jeffrey A. Pade
Anand B. Patel
Tad Richman
Paul Hastings LLP
875 15th Street N.W.
Washington, DC 20005

Mark D. Pollack
Paul Hastings LLP
71 South Wacker Drive
45th Floor
Chicago, IL 60606

DENISE COTE, District Judge:

On April 25, 2019, plaintiff NuCurrent Inc. ("NuCurrent") filed a motion for a preliminary injunction ordering defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") to request permission from the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO") to withdraw its petitions for inter partes review ("IPR") and, if permission is granted, file motions to dismiss the petitions. NuCurrent claims that a forum selection clause contained in a non-disclosure agreement ("NDA") prohibits Samsung from initiating IPR proceedings before the PTAB. For the following reasons, NuCurrent's motion is denied.

## Background

NuCurrent specializes in wireless charging solutions and high-efficiency antenna design. Samsung designs and manufactures, among other things, mobile devices with wireless charging capability. On January 13, 2015, NuCurrent and Samsung executed a Mutual Confidentiality Agreement ("MCA") in connection with a potential business relationship involving wireless power components and systems for Samsung mobile devices. The MCA was effective for twelve months, at which point the parties entered into the NDA, effective January 15, 2016.

The NDA explains that NuCurrent and Samsung "desire to disclose to one another certain Confidential Information . . . to further a business relationship between the parties . . . and to protect such Confidential Information from unauthorized disclosure." The terms of the NDA "apply to all Confidential Information" -- and only confidential information -- "disclosed by one party to the other party." Section 5 of the NDA states that each party's obligations with regard to confidential information "will not apply" to the extent the information disclosed is "generally known or available to the public other than by breach of this Agreement."

Although the NDA expresses the parties' intent to further a business relationship, it affirms that "nothing contained in this Agreement will be construed as granting any right to the receiving party, by license or otherwise, to any of the Confidential Information disclosed." It further states that "[n]othing in this Agreement, any discussions undertaken, nor any disclosures made pursuant to this Agreement shall be deemed a commitment . . . to engage in any business relationship, contract or future dealing with the other party." The NDA provides that it "shall continue for a term of two (2) years," except that "[t]he recipient's obligations regarding Confidential Information will survive the expiration or termination of this Agreement for the [five-year] period set

forth in Section 3 of this Agreement." The NDA expired on January 15, 2018.

The NDA contains a forum selection clause. That clause provides, in relevant part:

> This Agreement shall be construed in accordance with and all disputes hereunder shall be governed by the laws of the State of New York . . . . Any legal action, suit or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby must be instituted exclusively in a court of competent jurisdiction, federal or state, located within the Borough of Manhattan, City of New York, State of New York and in no other jurisdiction.

Unlike the forum selection clause in the MCA, however, the NDA's forum selection clause is not specifically identified as one of the provisions that survives expiration or termination of the NDA.

On February 5, 2018, NuCurrent filed claims against Samsung for misappropriation of trade secrets and patent infringement in the U.S. District Court for the Eastern District of Texas.[1] On July 11, Samsung filed a motion to transfer the action to the Southern District of New York pursuant to the forum selection clause in the NDA. On December 26, the District Court in Texas granted Samsung's motion to transfer. Pursuant to an agreement between the parties, NuCurrent further amended its complaint on January 18, 2019 to include additional conduct occurring in 2016

---

[1] On June 19, NuCurrent amended its complaint to add an additional patent infringement claim.

4

and to add a claim for breach of the NDA. The case was transferred to this Court on January 28, 2019.

Following a conference with the parties on March 22, a scheduling order was entered. Fact discovery is scheduled to conclude on October 11, 2019, and all expert discovery must be completed by February 7, 2020. Any motion to exclude pursuant to Daubert or any motion for summary judgment is due February 28.

On March 22, 2019, Samsung filed six IPR petitions with the PTAB, asserting anticipation and obviousness challenges to the validity of four of the five NuCurrent patents at issue in this litigation. On June 19, Samsung filed an IPR petition addressed to the remaining NuCurrent patent, which NuCurrent first asserted in its January 18 complaint.[2] On April 25, NuCurrent moved for a preliminary injunction ordering Samsung to seek leave to withdraw its IPR petitions pursuant to the forum selection clause of the NDA. The motion became fully submitted on May 17.

---

[2] There is a one-year window for filing an IPR petition following service of a patent infringement claim. See 35 U.S.C. § 315(b). Samsung waived service of the complaint in this action and NuCurrent does not assert that Samsung's IPR petition is untimely.

5

**Discussion**

"[A] preliminary injunction is an extraordinary remedy never awarded as of right." Benisek v. Lamone, 138 S. Ct. 1942, 1943 (2018) (per curiam). A party seeking a preliminary injunction must demonstrate:

> (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.

Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015) (citation omitted). For the foregoing reasons, NuCurrent has failed to show that a preliminary injunction should be issued.

I. Likelihood of Success on the Merits

The merits of NuCurrent's motion turn on whether it may enforce the forum selection clause in the NDA to enjoin Samsung from continuing to prosecute IPR petitions before the PTAB. Because the NDA expired on January 15, 2018, over one year before Samsung filed the IPR petitions, NuCurrent cannot show it is likely to succeed on the merits of its claim.[3]

---

[3] It is unnecessary to determine whether the IPR petition could have been filed before the expiration of the NDA. Accordingly, nothing in this Opinion should be read as finding that it could not.

Where a contract contains both a forum selection clause and a choice-of-law provision, the overriding framework governing the enforceability of a forum selection clause is drawn from federal law. Martinez v. Bloomberg, 740 F.3d 211, 217-18 (2d Cir. 2014). In the Second Circuit, this framework requires the application of a four-part test. That test asks:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Starkey v. G. Adventures, Inc., 796 F.3d 193, 196 (2d Cir. 2015) (citation omitted). Even where the first three factors are satisfied, federal law provides that courts "may decline to enforce a [forum selection] clause . . . 'if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" Martinez, 740 F.3d at 218 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Although the enforceability of a forum selection clause is governed by federal law, the interpretation of the clause --

7

e.g., whether it is mandatory or permissive, or whether its scope encompasses the claims or parties involved in a certain suit -- is governed by the body of law selected in an otherwise valid choice-of-law provision. Id. at 217-18. Because the NDA contains a New York choice-of-law provision, the parties agree that the interpretation of the NDA is governed by New York law.

Under New York law, "a fundamental objective of contract interpretation is to give effect to the expressed intention of the parties." In re MPM Silicones, L.L.C., 874 F.3d 787, 795 (2d Cir. 2017). "If a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004) (citation omitted). In interpreting contracts, "words should be given the meanings ordinarily ascribed to them and absurd results should be avoided." Mastrovincenzo v. City of New York, 435 F.3d 78, 104 (2d Cir. 2006) (citation omitted). Additionally, "[a]n interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible." LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2d Cir. 2005) (citation omitted).

The NDA's forum selection clause contains mandatory language that was reasonably communicated to Samsung. The clause was drafted by Samsung and confers jurisdiction "exclusively" in New York courts "and in no other jurisdiction." This is sufficient to create a mandatory forum selection clause. See Phillips v. Audio Active Ltd., 494 F.3d 378, 386 (2d Cir. 2007) (applying New York law).

In addition, the text of the forum selection clause warrants a broad interpretation. The clause provides that "any . . . proceeding . . . relating to . . . the transactions contemplated [by this Agreement] must be instituted exclusively in a [New York] court." Under New York law, the phrase "relating to" is broader in scope than constructions such as "arising out of." See Coregis Ins. Co. v. Am. Health Found., 241 F.3d 123, 129 (2d Cir. 2001) (citation omitted) (construing "'relating to' as equivalent to the phrases 'in connection with' and 'associated with'"). Moreover, the clause applies not only to proceedings relating to the NDA, but also to "the transactions contemplated" thereby.

NuCurrent has not shown, however, that the claims asserted in the IPR petitions are subject to the forum selection clause. The NDA expired in 2018 -- more than a year before Samsung filed its IPR petitions with the PTAB. Although the NDA provides that "obligations regarding Confidential Information will survive the

9

expiration or termination of this Agreement," Samsung's IPR petitions do not relate to the surviving confidentiality obligations. The IPR petitions challenge the validity of the NuCurrent patents based on prior art, not based on any Confidential Information disclosed to Samsung pursuant to the NDA. Moreover, while the NDA was designed to allow Samsung to evaluate NuCurrent's technology to determine if it merited a license, Samsung and NuCurrent never entered into a licensing agreement. Sections 8 and 9 of the NDA expressly state that the NDA does not confer any rights -- including a right to a license -- and does not reflect a commitment to engage in a business relationship. The plain language of the NDA, therefore, does not support NuCurrent's contention that the forum selection clause bars the filing of the IPR petitions.

NuCurrent argues that, because forum selection clauses presumptively survive the expiration of the contract containing them, the forum selection clause in the NDA should apply to Samsung's IPR petitions. This presumption is insufficient to overcome the expressed intent of the parties. Here, NuCurrent and Samsung elected not to retain in the NDA language from the MCA that expressly provided for the survivability of the forum selection clause. The clause, therefore, did not survive as a freestanding obligation. See <u>Quadrant Structured Prod. Co. v. Vertin</u>, 23 N.Y.3d 549, 560 (2014) (omission of term found in

10

other agreement). While the forum selection clause continues to apply to disputes related to the surviving confidentiality obligations or breaches of the NDA while the NDA was in effect, the terms of the NDA do not permit it to apply to any and all disputes between the parties. Accordingly, NuCurrent has failed to show that the NDA's forum selection clause was breached by Samsung when Samsung filed IPR petitions after the expiration of the NDA.

NuCurrent claims that Samsung should be judicially estopped from arguing that its IPR petitions fall outside the scope of the NDA's forum selection clause because Samsung previously argued in its motion to transfer that the clause applies to all of NuCurrent's claims, including its patent claims. At the motion to transfer stage, however, Samsung principally argued that NuCurrent's patent claims were subject to the NDA's forum selection clause because they alleged "willful" infringement and thus were premised on the disclosure of Confidential Information protected by the NDA. Samsung did not brief -- and the District Court did not decide -- whether the NDA's forum selection clause could apply to IPR proceedings unrelated to a disclosure of Confidential Information and filed after the expiration of the NDA. Accordingly, Samsung's position is "neither so clearly inconsistent with its earlier arguments nor so unfairly detrimental to [NuCurrent] as to warrant judicial estoppel."

United States v. Apple, Inc., 791 F.3d 290, 337 (2d Cir. 2015).[4]

II. Likelihood of Irreparable Injury

NuCurrent asserts that it will suffer irreparable injury in the absence of a preliminary injunction. NuCurrent asserts that it will be deprived of its right to litigate in its bargained-for forum, that it will be forced to litigate the same issue in multiple forums simultaneously, and that its patent rights will be placed in "unique peril." NuCurrent has not shown irreparable injury.

As already explained, the forum selection clause does not prohibit Samsung from filing IPR petitions and NuCurrent has no right to litigate patent validity exclusively in a New York court. The America Invents Act ("AIA") expressly contemplates that IPR proceedings may run concurrently with patent infringement actions in federal court. See 35 U.S.C. § 315(b). Although the PTAB may be less likely to affirm the validity of

---

[4] In support of its motion, NuCurrent cites to Dodocase VR, Inc. v. Merchsource, LLC, in which the Federal Circuit held that a district court did not abuse its discretion in granting a preliminary injunction on the grounds that the parties' forum selection clause applied to PTAB proceedings. 767 F. App'x 930, 934-35 (Fed. Cir. 2019). Dodocase is an unpublished opinion; it is not precedential. In any event, the forum selection clause in Dodocase was contained within a licensing agreement that included a clause in which the licensee agreed not to challenge the patents. Id. at 932.

12

NuCurrent's patents than a district court,[5] it is the PTO that issued NuCurrent's patents; the PTAB is authorized by law to review and invalidate those patents "that should not have issued" in the first place. See H.R. Rep. No. 112-98(I), at 39-40 (2011). The cancellation of an improvidently issued patent is not the sort of injury that weighs in favor of this injunction request.

III. Balance of Hardships

NuCurrent has also failed to show that the balance of hardships tilts in its favor. While litigating patent validity in two forums is burdensome, there is a one-year window for filing an IPR petition following service of a patent infringement claim. The issuance of a preliminary injunction would likely bar Samsung from pursuing relief before the PTAB at all. See 35 U.S.C. § 315(b).

IV. Public Interest

NuCurrent has also failed to show that the public interest would not be disserved by the issuance of the injunction it

---

[5] NuCurrent notes that in PTAB proceedings the petitioner has the burden of proving patent invalidity by a "preponderance of the evidence" as opposed to the "clear and convincing evidence" standard in federal court. See 35 U.S.C. § 316(e); see also Return Mail, Inc. v. U.S. Postal Serv., 139 S. Ct. 1853, 1860, 1866 (2019); Cuozzo Speech Tech., LLC v. Lee, 136 S. Ct. 2131, 2143-44 (2016). It also notes that the PTAB does not accord to patents the presumption of validity which accompanies a district court's review. See 35 U.S.C. § 282.

13

seeks. There is a "strong federal policy favoring the full and free use of ideas in the public domain." Lear, Inc. v. Adkins, 395 U.S. 653, 674 (1969). As the Second Circuit has explained, Lear is notable "for establishing a 'balancing test' for weighing the 'public interest in discovering invalid patents' against other competing interests." Rates Tech. Inc. v. Speakeasy, Inc., 685 F.3d 163, 168 (2d Cir. 2012) (citation omitted). "Lear makes clear that courts should weigh the federal policy embodied in the law of intellectual property against even explicit contractual provisions and render unenforceable those provisions that would undermine the public interest." Idaho Potato Comm'n v. M & M Produce Farms & Sales, 335 F.3d 130, 137 (2d Cir. 2003).

Congress enacted the AIA in response to a "growing sense that questionable patents are too easily obtained and too difficult to challenge." H.R. Rep. No. 112-98(I), at 39 (2011); see also Return Mail, Inc. v. U.S. Postal Serv., 139 S. Ct. 1853, 1870 (2019) (Breyer, J., dissenting). As described in the House Committee Report on the legislation, a key purpose of the AIA -- and the IPR process it established -- was to "provid[e] a more efficient system for challenging patents that should not have issued." H.R. Rep. No. 112-98(I), at 39-40 (2011).[6]

---

[6] Prior to the enactment of the AIA, it was the view of the PTO that "a contractual provision preventing a party from seeking

14

Against this backdrop, NuCurrent cannot show that the issuance of a preliminary injunction would not disserve the public interest. Samsung may litigate the validity of NuCurrent's patents as a defense to NuCurrent's patent infringement claims in federal court. But a preliminary injunction would eliminate Samsung's ability to litigate the validity of those same patents before the PTAB, which offers unique procedural benefits to patent litigants.

## Conclusion

NuCurrent's April 25, 2019 motion for a preliminary injunction is denied.

Dated:   New York, New York
         July 2, 2019

_____
DENISE COTE
United States District Judge

---

reexamination would be void as being contrary to public policy." Inter Partes Reexamination Proceeding, Decision on Petition to Vacate Order Granting Reexamination, Control No. 95/000,123, at 11 (Office of Patent Legal Admin. June 7, 2006).